UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRITTANY BROWN
o.b.o. DEVIN BROWN,

       Plaintiff,                           Hon. Ellen S. Carmody

v.

                                        Case No. 1:15-cv-618

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. On November 2, 2015, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 10).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Devin Brown was 30 years of age on his alleged disability onset date.  (PageID.203).  He successfully completed high school and worked previously as a construction worker.  (PageID.55).  Brown applied for benefits on November 14, 2012, alleging that he had been disabled since October 1, 2012, due to migraines, fatigue, chronic neck and back pain, depression, dizziness, and difficulty sleeping.  (PageID.203-04, 220).  Brown's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ).  (PageID.114-200).  On February 14, 2014, Brown appeared before ALJ Carol Guyton with testimony being offered by Brown and a vocational expert.  (PageID.63-112).  In a written decision dated June 2, 2014, the ALJ determined that Brown was not disabled.  (PageID.45-57).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (PageID.31-34).

Devin Brown passed away on May 9, 2014.  (PageID.586).  Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.  A claimant's entitlement to Disability Insurance Benefits ends "[t]he month before the month of your death."  20 C.F.R. § 404.316(b)(1).  Thus, the present appeal concerns only whether Devin Brown was disabled between October 2012, and April 2014.

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that Brown's impairments were so severe that he was unable to perform his previous work, and could not, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which Brown's residual functioning capacity (RFC) is determined.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

*See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Devin Brown suffered from (1) migraine headaches; (2) major depressive disorder; and (3) substance addiction disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (PageID.47-50).  With respect to Brown's residual functional capacity, the ALJ determined that Brown retained the capacity to perform light work involving simple, routine tasks involving no more than simple, short instructions and simple work-related decisions with few workplace changes.  (PageID.50).

The ALJ found that Brown could not have performed his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Brown could perform, his limitations notwithstanding.  *See Richardson*, 735 F.2d at 964.  While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden.  *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added).  This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy.  *See Richardson*, 735 F.2d at 964.  Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding.  Such was the case

here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 3,100 jobs in the state of Michigan, and approximately 139,000 jobs nationwide, which an individual with Brown's RFC could perform, such limitations notwithstanding. (PageID.104-06). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Brown was not entitled to disability benefits.

**I.**     **The ALJ's RFC Finding is Supported by Substantial Evidence**

A claimant's RFC represents the "most [a claimant] can still do despite [the claimant's] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). As noted above, the ALJ concluded that Brown retained the ability to perform a limited range of light work. Plaintiff argues that the ALJ "failed to appropriately consider the extent of Mr. Brown's mental impairments which ultimately led to his death by suicide."

On January 3, 2013, Brown reported that he was experiencing migraine headaches, the severity of which he rated as 4 out of 10. (PageID.341). The doctor observed that Brown was "clearly depressed," but "not interested" in taking medication to address such. (PageID.341).

6

Brown subsequently, however, began taking Effexor which made his mood "somewhat better." (PageID.339). On January 14, 2013, Brown was diagnosed with mood disorder and impulse control disorder. (PageID.333). Brown's GAF score was rated as 60.[2] (PageID.333). It was recommended to Plaintiff that he participate in outpatient counseling. (PageID.334).

Treatment notes dated January 15, 2013, indicate that Brown's reported migraines "are exacerbated by medication overuse." (PageID.462). On January 25, 2013, Brown participated in an electroencephalogram examination the results of which were "normal." (PageID.387).

On February 10, 2013, Brown participated in a consultive examination conducted by David Cashbaugh, Jr., LLP. (PageID.370-75). Brown reported that he watched television for 2-3 hours daily and played video games for 6-7 hours daily. (PageID.372). Brown reported that he used marijuana daily. (PageID.371). Brown also reported that he picks his children up from school and occasionally helps prepare meals. (PageID.372). Brown reported that he was in pain "all the time" and that "the best that his pain level ever gets is a 7" on a 1-10 scale. (PageID.373). Brown reported that his depression rated a 4 on a 1-10 scale. (PageID.373). The results of a mental status examination were unremarkable. (PageID.373-75). Brown was diagnosed with cannabis dependence and major depressive disorder. (PageID.375). His GAF score was rated as 55.[3] (PageID.375). Brown's prognosis was characterized as "guarded-fair" and Cashbaugh concluded that Brown "should be capable of functioning in a simple unskilled work setting if not prevented by any medical conditions." (PageID.375).

---

[2] The Global Assessment of Functioning (GAF) score refers to the clinician's judgment of the individual's overall level of functioning. American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed. 1994) (hereinafter DSM-IV). A GAF score of 60 indicates "moderate symptoms or moderate difficulty in social, occupational, or school functioning." DSM-IV at 34.

[3] A GAF score of 55 indicates "moderate symptoms or moderate difficulty in social, occupational, or school functioning." DSM-IV at 34.

On February 21, 2013, Brown participated in an MRI examination of his brain, the results of which were "unremarkable." (PageID.386). Treatment notes dated March 21, 2013, indicate that Brown stopped taking Effexor. (PageID.471). On March 26, 2013, Brown participated in an polysomnogram examination the results of which were "normal." (PageID.390). Treatment notes dated May 23, 2013, reported Brown's GAF score as 60. (PageID.393). It was further observed that Brown "had sporadic attendance" at his scheduled counseling sessions. (PageID.392).

On December 19, 2013, Brown voluntarily checked himself into the hospital after experiencing suicidal thoughts prompted by "drinking heavily" and taking "a bunch of other pills." (PageID.516, 518, 558). Brown was diagnosed as experiencing a major depressive episode as well as alcohol and marijuana abuse. (PageID.515). On admission, Brown's GAF score was rated as 26.[4] Brown was placed on a medication regimen and participated in treatment. (PageID.558-85). Brown's symptoms improved, he stopped experiencing suicidal thoughts, and he was discharged on December 26, 2013, at which point his GAF score was rated as 60. (PageID.515, 584). Devin Brown committed suicide on May 9, 2014. (PageID.586).

While Devin Brown's death is tragic, the record simply does not support Plaintiff's argument that Brown was limited to an extent greater than the ALJ recognized. Brown's depression symptoms were characterized as moderate and improved when he took his prescribed medication. While Brown obviously experienced an exacerbation of his condition in December 2013, it resolved quickly once he was prescribed medication. The circumstances of Brown's subsequent death certainly suggest that his condition again deteriorated. However, the record does not reveal whether

---

[4] A GAF score of 26 indicates that the individual's "behavior is considerably influenced by delusions or hallucinations" or that the individual is experiencing "serious impairment in communication or judgment" or "inability to function in almost all areas." DSM-IV at 34.

Brown, following his hospitalization, consistently took his prescribed medication or whether he discontinued such as he had previously. The record likewise does not reveal whether the deterioration in Brown's condition following his hospitalization was precipitated by a transitory incident or instead represented a long-term decline in his condition and functioning. While one can perhaps speculate about such matters, the ALJ was obligated to resolve Brown's claim for benefits based on the record before her. The Court finds that the ALJ's RFC determination, as well as her ultimate determination that Brown was not entitled to benefits, is supported by substantial evidence.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.

Date:  June 15, 2016                             /s/ Ellen S. Carmody
                                                 ELLEN S. CARMODY
                                                 United States Magistrate Judge